UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BAKER SMITH,

        Petitioner,

                                    CASE NO. 2:07-CV-11391
v.                                     HONORABLE LAWRENCE P. ZATKOFF

KENNETH ROMANOWSKI,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING AND
## DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, Robert Baker Smith, a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, alleges that he is being held in violation of his constitutional rights. For the reasons set forth below, the Court summarily denies and dismisses the petition for writ of habeas corpus.

I.

Petitioner pleaded guilty to one count of possession with intent to deliver less than 50 grams of cocaine, four counts of possession of less than 25 grams of cocaine, one count of possession of a controlled substance, and three counts of possession of a firearm during the commission of a felony in the Oakland County Circuit Court in 2005. At sentencing, Petitioner moved to withdraw his plea asserting that it was not knowing. The trial court denied the motion and proceeded to sentence Petitioner as a habitual offender to concurrent terms of five to 20 years imprisonment, two to 15 years imprisonment, two to four years imprisonment, and one to two years imprisonment on the drug convictions to be served consecutively to concurrent terms of five years imprisonment on

1

the felony firearm convictions.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Smith*, No. 269303 (Mich. Ct. App. May 3, 2006). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Smith*, No. 131415 (Mich. S. Ct. Sept. 26, 2006).

Petitioner dated the instant petition on March 19, 2007. In his pleadings, Petitioner raises the following claim:

> The trial court abused its discretion in denying me the withdrawal of my plea before sentencing. I had a fair and just [reason] for my plea withdrawal and the State did not show where it would be prejudiced in reliance on the plea.

Petitioner essentially asserts that he did not understand his plea at the time it was made.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

III.

3

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner asserts that the trial court abused its discretion in denying his request to withdraw his plea because he did not understand his plea at the time it was made. The trial court denied Petitioner's request to withdraw his plea, finding that the interests of justice would not be served by doing so. *See* Petition Exh. B., Sent. Tr. pp. 10-11. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal for lack of merit, but did not specifically address this issue. Accordingly, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. This independent review "is not a full, *de novo* review, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563

(1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. Petitioner was 59 years old at the time of his plea and had prior experience with the criminal justice system. There is no evidence in the record of any mental or psychological problems which would have impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel, conferred with counsel during the plea process, and stated that he was satisfied with counsel's advice. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court informed Petitioner of the maximum sentences he faced. Petitioner indicated that he was pleading guilty of his own free will and that no promises, other than those contained in the plea agreement, had been made to induce him to plead guilty. He also set forth a factual basis for his plea. *See* Petition Exh. B, Plea Tr. pp. 5-21.

Petitioner's assertion that his plea was not knowing and voluntary is belied by the record. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that

outlined in the record could withdraw his plea, despite his own statements during
the plea colloquy . . . indicating the opposite.  This we will not do, for the plea
colloquy process exists in part to prevent petitioners . . . from making the precise
claim that is today before us.  '[W]here the court has scrupulously followed the
required procedure, the defendant is bound by his statements in response to that
court's inquiry.'

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85,

90 (6th Cir. 1986)).  Having carefully reviewed the record, the Court is satisfied that Petitioner's

plea was knowing, intelligent, and voluntary.  The state courts' denial of relief is neither contrary

to Supreme Court precedent nor an unreasonable application of the law or the facts.  Habeas relief

is not warranted.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas

relief on the claim raised in his petition.  Accordingly, the Court **DENIES** and **DISMISSES WITH**

**PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2007

CERTIFICATE OF SERVICE

6

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 18, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290